## PHILLIPS *v.* VICKERS.

If a sheriff fail to return a *capias ad satisfaciendum* on or before the return day thereof, the execution-creditor may proceed against him, under the statute, by notice and motion.

APPEAL from the *Marion* Circuit Court.

*Thursday, May 28.*

DEWEY, J.—*Phillips* served a notice upon *Vickers*, sheriff of *Marion* county, that he should move the Circuit Court for judgment against him for the full amount of debt, damages, interest, and costs, required to be collected by him as sheriff by virtue of a certain writ of *capias ad satisfaciendum*, (describing it and the judgment on which it issued,) which had been delivered to him to be executed, and which he had failed to return on or before the return day thereof. *Vickers* demurred generally to the notice. The Court sustained the demurrer, and rendered final judgment against *Phillips*, from which he appeals to this Court.

May Term,
1840.

PHILLIPS
v.
VICKERS.

This proceeding is founded upon the 29th section of the statute subjecting real and personal estate to execution, which enacts "that any sheriff or other officer, into whose hands any execution may come for the collection of any debt, damages, or costs, and who shall neglect or fail to return the same on or before the proper return day thereof, or to pay over the money collected on such execution, shall be liable to pay the full amount of the debt, damages, interest, and costs, required by such execution to be collected." The mode of enforcing this liability is by notice and motion. Rev. Stat. 1838, p. 286.

To sustain the decision of the Circuit Court, the appellee contends that a *ca. sa.* is not within the purview of the statute, because it is neither returnable process, nor a writ for the collection of any debt, damages, or costs. In this we think he is mistaken. It is true, that in *England* a *ca. sa.* is not considered to be returnable, and that a sheriff is not liable to an action merely for failing to make return. It is, nevertheless, strictly his duty to return the writ, and he is compellable to perform that duty. If he make a false return, or fail to execute the writ—having had the power to arrest the defendant—he is liable to an action on the case. 1 Archb. Pr. 306, 7.—*Beckford* v. *Montague*, 2 Esp. Rep. 475. We conceive, however, that our legislature has so far changed the law as to make a *ca. sa.* and other final process returnable. We have already decided that an execution issued by a justice of the peace is of that character. *May* v. *Sly*, *Nov.* term, 1839. The 30th section of the statute fixes return days for "all executions" issuing from the Circuit Courts. R. S. 1838, p. 286. This provision, taken in connection with the enactment before quoted—that the officer failing to return the execution on or before the return day thereof, shall be liable, &c., we think leaves this matter clear of doubt or difficulty.

We are of opinion, also, that a *ca. sa.* is a writ for the collection of some "debt, damages, or costs." That it proposes to effect its object by arresting the body of the defendant does not alter the case; the detention of the person is the mean, the collection of the money due for debt, damages, or costs, the end. We are aware that by the *English* law,

a sheriff is not bound to receive the money due by a *ca. sa.* himself, but has the right to detain the debtor until the creditor be satisfied; and that if he receive the money and discharge the debtor, he must make immediate payment to the creditor to save himself from an action for escape. 14 East, 468. But whether such be the law of this state may be well questioned, as our statute enacts that an execution-debtor may discharge himself from arrest or imprisonment under a *ca. sa.*, by delivering property to the proper officer, who is authorized to dispose of it in the same manner as if the execution had been against the estate of the debtor. R. S. 1838, p. 283. Independently of this provision, however, our opinion would still be that a *ca. sa.* is embraced by the clause of the statute on which this action is founded, and that the sheriff was liable for failing to return it in due season. The Circuit Court erred in sustaining the demurrer.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*J. Morrison,* for the appellant.

*C. Fletcher* and *O. Butler,* for the appellee.